UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSE TRUJILLO, | Case No.  1:21-cv-01559-JLT-HBK |
| Plaintiff, | FINDINGS AND RECOMMENDATIONS TO GRANT PLAINTIFF'S AMENDED MOTION FOR DEFAULT JUDGMENT[1] |
| v. | |
| | OBJECTIONS DUE IN FOURTEEN DAYS |
| 4B MARKET INCORPORATED; KEWAL SINGH BASI, Trustee of the BASI FAMILY REVOCABLE TRUST; and OLGA BASI, Trustee of the BASI FAMILY REVOCABLE TRUST | (Doc. No. 25) |
| Defendants. | |

Pending before the Court is Plaintiff's Amended Motion for default judgment filed pursuant to Fed. R. Civ. P. 55(b) on September 1, 2022.  (Doc. No. 25, Motion).  Defendants have not answered nor responded to the complaint.  Nor have Defendants filed any opposition or taken any actions in this case.  The Court found the Motion suitable for disposition without oral argument under Civil Local Rule 230(g) and vacated the hearing scheduled for October 12, 2022. (Doc. No. 26).  For the reasons set forth below, the undersigned recommends the district court grant Plaintiff's Motion.

## I.  BACKGROUND

On October 22, 2021, Plaintiff Jose Trujillo commenced this action by filing a complaint

---

[1] This matter was referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302 (E.D. Cal. 2022).

1    against Defendants 4B Market Incorporated ("4B Market"); Kewal Singh Basi, Trustee of the

2    Basi Family Revocable Trust; and Olga Basi, Trustee of the Basi Family Revocable Trust

3    (collectively referred to as "Defendants") alleging violations of Title III of the Americans with

4    Disabilities Act ("ADA"), 42 U.S.C. §§ 12101 *et seq*; the California Unruh Act, California Civil

5    Code § 51 *et seq.*; and California Health & Safety Code §§ 19955, 19959.  (Doc. No. 1,

6    "Complaint").  Plaintiff sought an award of statutory damages, costs of suit, attorney's fees,

7    litigation expenses, and injunctive or preventative relief.  (*Id.* at 8-9).

8              The Complaint sets forth the following facts in support of Plaintiff's claims.  Plaintiff is a

9    person with physical disabilities and is "substantially limited in his ability to walk," which

10   requires his use of a wheelchair or cane for mobility.  (*Id* at 2, ¶8).  Plaintiff's hearing is also

11   substantially limited.  (*Id.*).  Defendants are the alleged owners or operators of 4B Market

12   (hereinafter referred to as "4B Market" or "the facility") which is located at 265 West Inyo

13   Avenue, Tulare, CA.  (*Id.*, at ¶7).  The facility is open to the public and intended for non-

14   residential use and affects commerce.  (*Id.*, at ¶9).  In early 2021, Plaintiff visited the facility,

15   which is located approximately 15 miles from his home, but "barriers" prevented him from

16   accessing their "goods, services, privileges and accommodations."  (*Id.* at 2-3, ¶10).  Specifically,

17   there was not a designated accessible fuel pump and the display on the at-the-pump payment

18   system was "too high" for Plaintiff to see while in his wheelchair.  (*Id.* at 3, ¶10a).  The exterior

19   landing at the facility's entrance was "excessively sloped" and had a floor mat making it difficult

20   for Plaintiff to approach and open the door while in his wheelchair.  (*Id.*, ¶10b).  The entrance

21   door was "too heavy" and it was hard for Plaintiff to open it.  (*Id.*, ¶10c).  Inside 4B Market, the

22   aisles were "too narrow" and were obstructed by merchandise making it difficult for Plaintiff to

23   navigate them and approach the transaction counter to pay for gas.  (*Id.*, ¶10d).  There were

24   merchandise displays on the transaction counter which Plaintiff had to reach over to pay for fuel.

25   (*Id.* ¶10e).  Plaintiff returned to 4B Market on July 28, 2021 and again could not find a designated

26   accessible fuel pump.  (*Id.*, ¶11).  As a result, Plaintiff's daughter used the payment system at the

27   pump and fueled the vehicle.  (*Id.*).  Plaintiff was deterred from visiting 4B Market but states he

28   will return once the barriers are removed.  (*Id.* at 4).

                                                          2

1    Defendants 4B Market and Kewal Singh Basi were served with Plaintiff's complaint on

2    December 2, 2021.  (Docs. Nos. 6, 7).  Defendant Olga Basi was served with Plaintiff's complaint

3    on December 6, 2021.  (Doc. No. 8).  No Defendant appeared nor answered.  *See* docket.  On

4    April 6, 2022, Plaintiff requested the Clerk of Court to enter a Rule 55(a) clerk's default against

5    Defendant 4B Market, which the Clerk entered the same day.  (Doc. Nos. 18, 19).  On July 15,

6    2022, Plaintiff requested the Clerk of Court to enter a Rule 55(a) clerk's default against

7    Defendants Kewal Singh Basi and Olga Basi, which the Clerk entered on July 18, 2022.  (Doc.

8    Nos. 22, 23).  On September 1, 2022, Plaintiff filed this Motion, as amended, seeking a default

9    judgment as to all defendants.  (Doc. No. 25).

10                                            II.  ANALYSIS

11        A.  Legal Standard

12        Federal Rule of Civil Procedure 55(b)(2) allows the court to enter judgment against a

13   party following the clerk of court's entry of default under 55(a).  The court cannot enter default

14   judgment if the defendants were not properly served.  *Mason v. Genisco Tech. Corp.*, 960 F.2d

15   849, 851 (9th Cir. 1992).  If the court determines service was proper, the court is bound by to

16   undertake an analysis applying the "*Eitel*" factors enumerated in *Eitel v. McCool*, 782 F.2d 1470,

17   1471-72 (9th Cir. 1986) before entering a default judgment.  Specifically, the court considers the

18   following factors: (1) the potential prejudice to the plaintiff, (2) the underlying claim's merits and

19   sufficiency, (3) the amount of money at stake, (4) the possibility of a factual dispute, (5) whether

20   the default resulted from excusable neglect, and (6) the court's overriding preference to issue

21   decisions on the merits.  (*Id*).

22        After the clerk enters a default, the court shall accept "as true all factual allegations in the

23   complaint, except those as to the amount of damages."  *Yoon Chul Yoo v. Arnold*, 615 F. App'x.

24   868, 870 (9th Cir. 2015); Fed. R. Civ. P. 8(b)(6).  Allegations about "the amount of damages must

25   be proven."  *Strojnik v. JW World Enterprises, Inc. Best W. Bakersfield N*., 2021 WL 22137, at *1

26   (E.D. Cal. Jan. 4, 2021).  The court also does not accept facts that are not well pled or statements

27   that constitute conclusions of law.  *Wecosign, Inc. v.  IFG Holdings, Inc.*, 845 F. Supp. 2d 1072,

28   1078 (C.D. Cal. 2012).  Ultimately, the decision of whether to grant a default judgment lies

1  within the discretion of the court.  *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980).

2        B.      The *Eitel* Factors

3            1.   Defendants Were Properly Served with Process

4        Defendants were properly served, and the clerk of court rightfully entered defaults against

5  defendants.  (Doc. Nos. 19, 23).  Service is effectuated under Federal Rule of Civil Procedure 4(e)

6  by "following state law for serving a summons . . . in the state where the district court is located

7  or where service is made," or by "delivering a copy of [the summons and complaint] to an agent

8  authorized by appointment or by law to receive service of process."  California law permits

9  service of the summons and complaint by personal service or by leaving them with a "competent

10  member of the household or a person apparently in charge of his or her office [or] place of

11  business," among other methods.  Cal. Code Civ. P. § 415.10-20.  All methods require that the

12  service be handled by an individual who is not a party to the action.  (*Id.*).

13            a.   Olga Basi

14        The record reflects a registered process server personally served a co-occupant of

15  Defendant Olga Basi's home on November 7, 2021.  (Doc. No. 15).  The co-occupant refused to

16  give her name but was described as a fifty (50) year-old Jane Doe.  (*Id.*).  California permits

17  substitute service by serving a co-occupant of a home who is over the age of 18.  *See* Cal. Civ.

18  Proc. Code §§ 415.10, 415.20(b); *see also Trujillo v. Taco Riendo*, Inc. 2022 WL 2236932 (E.D.

19  Cal. Jun. 22, 2022); *Block v. Narwal*, 2022 U.S. Dist. LEXIS 220211 (E.D. Cal. Dec. 6, 2022).

20  Therefore, because service on Defendant Olga Basi complies with California law and the proof of

21  service was filed, Defendant Olga Basi was properly served consistent with Fed. R. Civ. P. 4.

22           b.   Defendant Kewal Singh Basi.

23        Similarly, the record reflects a registered process server personally served a co-occupant

24  of Defendant Kewal Singh Basi's home on November 7, 2021.  (Doc. No. 16).  The co-occupant

25  refused to give her name but was described as a fifty (50) year-old Jane Doe.  (*Id.*).  California

26  permits substitute service by serving a co-occupant of a home who is over the age of 18.  *See* Cal.

27  Civ. Proc. Code §§ 415.10, 415.20(b); *see also Trujillo*. 2022 WL 2236932; *Block*, 2022 U.S.

28  Dist. LEXIS 220211.  Therefore, because service on Defendant Kewal Singh Basi complies with

1   California law and the proof of service was filed, Defendant Kewal Singh Basi was properly

2   served consistent with Fed. R. Civ. P. 4.

3      c. <u>4B Market</u>

4      The record reflects a registered process server served Defendant 4B Market by serving

5   Happi Singh, an employee of 4B Market who was in charge of the office at 265 W. Inyo Ave.,

6   Tulare, California 93274.  (Doc. No. 17 at 2).  Subsequently, the process server mailed, via first

7   class mail, a copy of the summons and complaint to Harit Singh at 265 W. Inyo Ave., Tulare,

8   California 93274.  (*Id.* at 3).  Harit Singh is purportedly the agent authorized to accept service on

9   behalf of Defendant 4B Market.  (*Id.*).  California permits service on a corporation by leaving a

10   copy of the summons and complaint with the person who is designated as the agent of service of

11   process.  Cal. Civ. Proc. Code § 416.10.  If personal service cannot be effected on the person

12   designated as the agent of service of process for a corporation, then summons may be served by

13   leaving a copy of the summons and complaint with the person who is apparently in charge of the

14   business and then mailing a copy of the summons and complaint by first-class mail to the person

15   designated as the agent of service of process.  Cal. Civ. Proc. Code § 415.20.

16      A review of the Corporation Statement of Information for Defendant 4B Market (Doc. No.

17   25-3 at 21-23) indicates that Harjit Singh at 265 W. Inyo Ave., Tulare, California 93274 is the

18   designated agent of service of process, not Harit Singh.  "[T]he Court will not invalidate service

19   on the basis of a mere clerical error."  *Alcatel-Lucent USA v. Dugdale Communs., Inc.*, 2009 WL

20   3346784, *2 (C.D. Cal. Oct. 13, 2009) (citing *UFCW, Locals 197 & 373 v. Alpha Beta Co.*, 736

21   F.2d 1371, 1382 (9th Cir. 1984)).  Here, the Court finds the proof of service from Plaintiff which

22   shows the process server sent a copy of the summons and complaint to Harit Singh at 265 W.

23   Inyo Ave., Tulare, California 93274 and not at Harjit Singh at 265 W. Inyo Ave., Tulare,

24   California 93274 was a clerical error due to simply excluding the letter "j" in the name of the

25   designated agent of service of process.  Therefore, because service on Defendant 4B Market

26   complies with California law and the proof of service was filed, Defendant 4B Market was

27   properly served consistent with Fed. R. Civ. P. 4.

28

1        2.  Application of the Six *Eitel* Factors

2           a.  Potential Prejudice to Plaintiff

3  The court first considers whether Plaintiff will suffer prejudice if a default judgment is not

4  entered.  When a defendant neglects to respond to a complaint, a plaintiff lacks means to recover

5  beyond a default judgment.  *True Religion Apparel, Inc. v. Jet 2A*, 2009 WL 10671791, at *3

6  (C.D. Cal. Feb. 11, 2009).  Here, Plaintiff claims he wishes to patronize the Defendants'

7  establishment, which is located only 15 miles from his home, and he will continue to suffer

8  discrimination due to his disability without recourse against the Defendants.  The "[p]otential

9  prejudice to the plaintiff militates in favor of granting default judgment."  *Solis v. Orland Sand &*

10  *Gravel Corp.*, 2013 WL 85403, at *3 (E.D. Cal. Jan. 8, 2013).  The first *Eitel* factor therefore

11  weighs in favor of default judgment.

12           b.  The Underlying Claim's Merits and Sufficiency

13  The court next weighs the merits and sufficiency of Plaintiff's complaint.  Default

14  judgment will only be granted if the plaintiff's complaint states a claim that supports the desired

15  relief.  *Danning v. Lavine,* 572. F.2d 1386, 1388 (9th Cir. 1978); *Wells Fargo Equip. Fin., Inc. v.*

16  *Virk Sys., Inc.*, 2021 WL 347408, at *2 (E.D. Cal. Feb. 2, 2021).  While well-plead "allegations in

17  the complaint are admitted by a defendant's failure to respond, 'necessary facts not contained in

18  the pleadings, and claims which are legally insufficient, are not established by default."  *Soto v.*

19  *Rio Gary II, L.P.*, 2022 WL 112047, *2 (C.D. Cal. Jan. 12, 2022) (citing *Cripps v. Life Ins. Co. of*

20  *N. Am.*, 980 F.2d 1261, 1267 (9th Cir. 1992).

21  Plaintiff's Complaint alleges defendants violated Title III of the ADA, which provides that

22  in public places of accommodation "[n]o individual shall be discriminated against on the basis of

23  disability."  42 U.S.C. § 12182(a).  To prevail on a Title III ADA claim, Plaintiff "must establish

24  that: (1) he is disabled within the meaning of the ADA; (2) [Defendants] are a private entity that

25  owns, leases, or operates a place of public accommodation; and (3) [Defendants] discriminated

26  against him by denying him public accommodations because of his disability."  *Lopez v. Catalina*

27  *Channel Express, Inc*., 974 F.3d 1030, 1033 (9th Cir. 2020).

28  The ADA defines disability as "[a] physical or mental impairment that substantially limits

one or more major life activities ... [,] a record of such an impairment [,] or being regarded as having such an impairment." 42 U.S.C. § 12102(1).  Major life activities as defined by the ADA include walking and standing.  *Id*., § 12102(2).  Plaintiff represents he is "physically disabled" and requires the use of a wheelchair or cane for mobility.  (Doc. No. 1 at 2).  Accepting the allegation as true, Plaintiff is deemed to have physical impairment that substantially limits the major activity of walking and standing and therefore is disabled within the meaning of the ADA.

Plaintiff states that he arrived at 4B Market in early 2021 with the intention of patronizing the business.  (*Id*. at 2-3, ¶10).  Upon arrival, Plaintiff attempted to identify a designated accessible fuel pump.  (*Id*. at 3, ¶10a).  Plaintiff was unable to identify an accessible fuel pump and honked his vehicle horn to try to get an employee's attention for assistance.  (*Id*.).  No employee responded to the horn-honk, so Plaintiff attempted to fuel his vehicle.  (*Id*.).  Plaintiff could not see the display on the at-the-pump payment system while seated in his wheelchair because it was too high.  (*Id*.).  As a result, Plaintiff went inside 4B Market to pay for fuel.  (*Id*.)

On his way into the store, Plaintiff encountered an exterior landing at the entrance which was excessively sloped and had a floor mat on it.  (*Id*., ¶10b).  The combination of the slope and floor mat made it difficult for Plaintiff to approach and open the door without his wheelchair rolling backward.  (*Id*.).  Furthermore, the entrance door was heavy making it difficult to open.  (*Id*., ¶10c).  Once in the store, Plaintiff discovered that it was difficult to navigate to the transaction counter to pay for his fuel because the aisles were too narrow, and the approach was obstructed by merchandise.  (*Id*., ¶10d).  Plaintiff made his way to the transaction counter but had difficulty paying because the counter had merchandise displays on it forcing Plaintiff to reach over the displays in order to pay.  (*Id*., ¶10e).

On July 28, 2021, Plaintiff visited 4B Market for a second time and did not identify a designated accessible fuel pump.  (*Id*., ¶11).  Recalling the difficulty of his previous visit, Plaintiff did not want to go inside and pay for the fuel himself so his daughter, who was with him, used the at-the-pump payment system and fueled Plaintiff's vehicle.  (*Id*.).

Plaintiff claims he is disabled under the ADA and his depiction of 4B Market is one of public accommodation.  Despite being a place of public accommodation, Plaintiff was unable to

access their services due to architectural barriers.  Such barriers to access are "discrimination" under the ADA.  42 U.S.C. § 12182(b)(2)(A)(iv).  Because these facts are taken as true following defendants' entry of default, plaintiff has stated a *prima facie* Title III discrimination claim.

Plaintiff's complaint is similarly sufficient under the other statutes also cited in his complaint.  Under California's Unruh Civil Rights Act, "disabled" people are "entitled to the full and equal accommodations, advantages, facilities, privileges, or services in all business establishments of every kind whatsoever."  Cal Civ. Code, § 51(b).  California Health and Safety Code § 19955 mandates that all public accommodations constructed in California comply with the requirements of California Government Code § 4450, which states that all "sidewalks, curbs, and related facilities … shall be accessible to and usable by persons with disabilities."  Cal. Gov. Code, § 4450(a).  California Health and Safety Code § 19959 requires non-exempt public accommodations constructed prior to July 1, 1970, which are later altered or structurally repaired, to comply with the California Health and Safety Code.  Plaintiff's complaint alleges he was denied equal accommodation to Defendants' businesses despite California law requiring they be accessible to him.  Plaintiff has therefore adequately stated a claim under these laws.

Notably, despite hiring an independent consultant with knowledge of state and federal accessibility standards to visit 4B Market, the results of the consultant's site visit are not included in support of the Motion.  (*See* Doc. No. 25-2 at 3 ¶, 14; *see generally* Doc. No. 25). Nevertheless, while Plaintiff's Complaint is largely boilerplate, his allegations are taken as true due to Defendants' default.  Therefore, Plaintiff sufficiently pled his claims and demonstrated that they have merit.  *Trujillo v. GH Food Mart, Inc.*, 2020 WL 4697139, at *4 (E.D. Cal. Aug. 13, 2020).  Plaintiff's complaint meets the low bar to put Defendants on notice by providing enough factual details to determine how he was denied full and equal enjoyment of 4B Market.  *See Whitaker v. Tesla Motors, Inc.*, 985 F.3d 1173, at 1177 (9th Cir. 2021) (holding that a complaint cannot recite legal conclusion and the elements of an ADA claim but must put a defendant on notice by alleging sufficient factual details to determine how a plaintiff was denied full and equal enjoyment of the premises); *see also Gilbert v. HBA Enter., Inc.*, 2022 WL 2663761 (E.D. Cal. Jul. 8, 2022); *Trujilo*, 2022 WL 2236932.  As such, the second *Eitel* factor weighs in favor of

1    default judgment.

2              The Amount of Money at Stake

3         Plaintiff seeks a default judgment of $8,000.00 plus $3,703.02 in attorney's fees and costs.

4    Default judgment is "is disfavored where large amounts of money are involved." *Christofferson*

5    *v. All Pure Pool Serv. of Cent. California, Inc.*, 2020 WL 3249323, at *19 (E.D. Cal. June 16,

6    2020), report and recommendation adopted sub nom. *Christofferson, v. All Pure Pool Serv. of*

7    *Cent. California, Inc*, WL 3819413 (E.D. Cal. July 8, 2020).  As further discussed below,

8    Plaintiff seeks $4000.00 in statutory damages for each visit to 4B Market.  While Plaintiff has

9    established that the facts warrant an award of statutory damages, he does not make a showing that

10   he is entitled to an award for his second visit to 4B Market.  *See Johnson v. 12 N Park Victoria*

11   *LLC, et al.*, 2022 WL 1914604 (N.D. Cal. Jun. 3, 2022) (citing *Castillo-Antonio v. Mata*, 549

12   F.Supp.3d 1050, 1052 (N.D. Cal. 2021)).  There is no evidence that Plaintiff informed

13   Defendants of the alleged ADA violations before he brought the lawsuit or that he had any reason

14   to believe that the barriers would be rectified prior to his second visit.  *See id*.  Instead, Plaintiff

15   simply states that when he visited 4B Market for the second time "he recalled the difficulty he

16   had experienced during his earlier visit."  (Doc. No. 1 at 3, ¶ 11).  Given the rather modest sum

17   sought for the first visit and the attorney fees requested, the undersigned finds the third factor

18   weighs in favor of default judgment.

19              c.   The Possibility of a Factual Dispute

20        The Clerk of Court's entry of default requires the court to accept Plaintiff's well-pled

21   factual allegations as true.  Despite being properly served, Defendants have failed to appear,

22   answer, or otherwise respond.  Thus, the only facts before the court are those presented by

23   Plaintiff in the Complaint, which are well-pled and must be accepted as true.  There is

24   accordingly no factual dispute.  *United Specialty Insurance Co. v. Saleh*, 2016 WL 4434479, at

25   *2 (E.D. Cal. Aug. 22, 2016).  Thus, the fourth *Eitel* factor does not preclude entry of a default

26   judgment.

27              d.   Whether the Default Resulted from Excusable Neglect

28        All three Defendants were properly served yet none have appeared in the year since

1   service was effectuated.  When service is proper it suggests there was not excusable neglect.  *USA*

2   *Truck, Inc. v. Jugan Express Inc.*, 2020 WL 2128387, at *2 (E.D. Cal. May 5, 2020), report and

3   recommendation adopted, 2020 WL 3451580 (E.D. Cal. June 24, 2020).  The undersigned

4   therefore finds this fifth *Eitel* factor weighs in favor of default judgment.

5                   e.   The Court's Overriding Preference to Issue Decisions on the Merits

6         *Eitel* emphasizes that "[c]ases should be decided upon their merits whenever reasonably

7   possible."  782 F.2d at 1472.  Here, with no appearance from Defendants, there is no reasonable

8   possibility of deciding this matter on the merits.  Because this sixth and each of the above *Eitel*

9   factors overwhelmingly weigh in favor default judgment, the undersigned recommends default

10  judgment be entered.

11                   3.   Terms of the Judgment and Proof of Damages

12                   a.   Injunctive Relief

13        In addition to monetary damages, Plaintiff seeks injunctive relief requiring defendants to

14  make several changes and alterations to their businesses.  (Doc. No. 25-1 at 5-6).  For Title III

15  ADA violations "only injunctive relief is available."  *Wander v. Kaus*, 304 F.3d 856, 858 (9th Cir.

16  2002).  Injunctive relief "may be granted when architectural barriers at defendant's establishment

17  violate the ADA."  *Kraus v. Rattu*, 2020 WL 526105, at *5 (E.D. Cal. Feb. 3, 2020), report and

18  recommendation adopted, 2020 WL 1274269 (E.D. Cal. Mar. 17, 2020).

19        Plaintiff alleges the building for 4B Market was modified after January 26, 1993;

20  therefore, the 1991 ADA Standards for Accessible Design apply.  (*See* Doc. No. 1 at 6, ¶24).  A

21  plaintiff bears the initial burden to make to "plausibly show how the cost of removing the

22  architectural barrier at issue does not exceed the benefits under the circumstances.  *Lopez*, 974

23  F.3d at 1038.  A plaintiff is not required to give precise cost estimates or give specific designs for

24  the proposed accommodations.  *Id*.  Accepting Plaintiff's allegations as true due to Defendants'

25  nonresponse, Plaintiff has met his burden to establish how the cost of removing the architectural

26  barriers at issue does not exceed the benefits under the circumstances.  The undersigned

27  recommends default judgment in favor of Plaintiff because Defendants' business contain barriers

28  in violation of the ADA.  The undersigned accordingly recommends injunctive relief whereby

Defendants are required to remove those barriers and provide: (1) a fuel pump or a communication device at the fuel pumps in accordance with 1991 ADAAG § 4.27.3; an accessible entrance in accordance with 1991ADAAG § 4.1.3(7)(a); accessible aisles in accordance with § 1991 ADAAG § 4.3.3; and an accessible transaction counter in accordance with 1991 ADAAG § 7.2(1).

**b.** Statutory Damages

California's Unruh Act provides "that a plaintiff subjected to discrimination is entitled to recover $4,000 for each occasion on which the plaintiff was denied equal access." *Pomponio v. Budwal*, 2020 WL 3497007, at *6 (E.D. Cal. June 29, 2020), report and recommendation adopted, WL 5764376 (E.D. Cal. Sept. 28, 2020); Cal. Civ. Code § 52(a). Here, the Court recommends granting plaintiff default judgment on his Unruh Act claim. Plaintiff alleges two occasions in which he was denied equal access. However, as discussed *supra* the undersigned recommends that Plaintiff be awarded $4,000 in statutory damages for his first visit only, not the requested $8,000.

**c.** Attorney's Fees and Costs of Litigation

Both the ADA and the California Health and Safety Code permit the recovery of attorney's fees and costs upon receiving injunctive relief. 42 U.S.C. § 12205; California Civil Code § 54.3; *Pomponio*, 2020 WL 3497007 at *6. Attorney's fee awards are calculated using the lodestar method, which multiplies the numbers of hours reasonably spent on the matter with a reasonable hourly rate. *Vogel v. Harbor Plaza Ctr., LLC*, 893 F.3d 1152, 1160 (9th Cir. 2018). When "calculating a fee applicant's lodestar, a court has discretion to exclude hours that were not reasonably expended by counsel. *McDonald v. Navy Exch. Serv. Command*, 691 F. App'x 448, 449 (9th Cir. 2017) (internal quotations omitted).

Plaintiff's counsel seeks an award of $2,780.00 for total billable time spent by the Moore Law Firm, plus $923.02 for costs and litigation expenses. (Doc. No. 25-1 at 8.) The billable time encompasses: (1) $1,860.00 for 6.2 hours worked by attorney Tanya E. Moore at an hourly rate of $300; (2) $425.50 for 3.7 hours worked by paralegal Whitney Law at an hourly of $115; and (3) $494.50 for 4.3 hours worked by paralegal Isaac Medrano at an hourly rate of $115. (*Id*.).

1              i. <u>Billable Time</u>

2          Plaintiff's counsel provided the court with the time entries detailing the firm's efforts in

3   this matter.  (Doc. No. 25-3 at 254).  Those entries do not indicate time was unreasonably

4   expended.  Further, the Court has recognized in July 2020 that a paralegal hourly rate of $115 was

5   reasonable.  *Cortez v. Vieira Custom Chopping, Inc*., 2020 WL 4369101, at *8 (E.D. Cal. July 30,

6   2020).  This Court additionally has previously determined in April 2020 that a $300 hourly rate

7   was reasonable where the lead attorney has considerable experience in ADA matters.  *Johnson v.*

8   *Ballew*, 2020 WL 1923173, at *3 (E.D. Cal. Apr. 21, 2020).  Ms. Moore has been an attorney for

9   over twenty years and over the last ten years of her practice focuses on "disability access

10  litigation."  (Doc. No. 25-2 at 2).  Because both the time spent and rate requested are reasonable,

11  the undersigned recommends Plaintiff's counsel be awarded $2,780.00 in attorney's fees.

12              ii. <u>Litigation Expenses and Costs</u>

13         Plaintiff moves to recover litigation expenses and costs of $923.02.  (Doc. Nos. 25-1 at 8;

14  25-3 at 7-9, 11, 13).  Plaintiff has attached receipts for the court filing fee, a pre-filing

15  investigation and process server fees, which are recoverable under the ADA.  *Trujillo v. La Valley*

16  *Foods, Inc.*, 2017 WL 2992453, at *7 (E.D. Cal. July 14, 2017); *Moralez v. 76 Orinda*, 830 F.

17  App'x 209, 210 (9th Cir. 2020); 42 U.S.C. § 12205.  The receipts include: (1) invoice dated

18  February 22, 2022 for $114.79 by One Legal Process for service (Doc. No. 25-3 at 6);  (2) invoice

19  dated November 26, 2021 for $76.90 charged by County Process Service, Inc. for the service on

20  Olga Basi (Doc. No. 25-3 at 8); (3) invoice dated November 26, 2021 for $134.40 by County

21  Process Service, Inc. for service on Kewal Singh Basi (Doc. No. 25-3 at 9); (4) receipt dated

22  October 22, 2021 for $402.00 for this Court's filing fees (Doc. No. 25-3 at 11); and (5) invoice

23  dated October 12, 2021 for $194.93 by Robert Ferris Investigations, LLC for "ADA pre-filing"

24  investigation into "4B Market, 265 W Inyo Ave, Tulare."  (Doc. No. 25-3 at 13).  These receipts

25  total $923.02.  Accordingly, the undersigned recommends that Plaintiff be awarded the sum of

26  $923.02 for litigation expenses and costs.

27         Below is a summary of the total amount in attorney fees and costs the undersigned

28  recommends be awarded to Plaintiff's counsel:

12

| Professional | Hourly Rate | Hours | Total |
|---|---|---|---|
| Ms. Tanya E. Moore | $300.00 | 6.2 | $1,860.00 |
| Ms. Whitney Law | $115.00 | 3.7 | $425.50 |
| Mr. Isaac Medrano | $115.00 | 4.3 | $494.50 |
| Costs and Expenses | | | $923.02 |
| | | **Total** | $3,703.02 |

Accordingly, it is ORDERED:

Plaintiff **must** mail a copy of these findings and recommendations to Defendants at their last known address and file with the court proof of service within fourteen (14) business days of the date of this order.

It is further RECOMMENDED:

Plaintiff's Amended Motion for Default Judgment (Doc. No. 25) should be GRANTED as follows;

Judgment be entered in Plaintiff's favor and against Defendants;

Plaintiff be awarded statutory damages in the amount of $4,000;

Plaintiff be awarded attorney's fees, litigation expenses and costs in the amount of $3,703.02.

Defendants be required to remove barriers and provide: (1) a fuel pump or a communication device at the fuel pumps in accordance with 1991 ADAAG § 4.27.3; an accessible entrance in accordance with 1991ADAAG § 4.1.3(7)(a); accessible aisles in accordance with § 1991 ADAAG § 4.3.3; and an accessible transaction counter in accordance with 1991 ADAAG § 7.2(1) consistent with the requirements of the ADA; and

This case be CLOSED.

////

////

13

1

<u>NOTICE TO PARTIES</u>

2

These findings and recommendations will be submitted to the United States district judge

3

assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1).  Within fourteen (14)

4

days after being served with these findings and recommendations, a party may file written

5

objections with the Court.  The document should be captioned "Objections to Magistrate Judge's

6

Findings and Recommendations."  Parties are advised that failure to file objections within the

7

specified time may result in the waiver of rights on appeal.  *Wilkerson v. Wheeler*, 772 F.3d 834,

8

838-39 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

9

10

Dated:  ___December 13, 2022___

11

HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

14